UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | No. 2:14-cv-2668-MCE-KJN |
| Plaintiff, | |
| v. | ORDER |
| ARMANDO ANGULO et al., | |
| Defendants. | |

      Plaintiff J & J Sports Productions, Inc. commenced this action on November 14, 2014. (ECF No. 1.) The complaint alleges that defendant Armando Angulo and defendant Martha Barbara Angulo are owners and/or operators of Los Altos Jalisco, Inc., "which owns and operates the commercial establishment doing business as Los Altos Jalisco" in Roseville, California. (Id. at 3.) According to the complaint, defendants directed employees of the establishment to unlawfully intercept and broadcast a televised fight program of which plaintiff was the exclusive commercial domestic distributor. The complaint asserts claims against defendants for violation of the Communications Act of 1934, as amended, 47 U.S.C. §§ 605 et seq.; violation of the Cable and Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S.C. §§ 553 et seq.; conversion; and violation of California Business and Professions Code §§ 17200 et seq.

1

(Id.)

After the Clerk of Court entered defendant Los Altos Jalisco, Inc.'s default on April 3, 2015, plaintiff filed a motion for default judgment as to defendant Los Altos Jalisco, Inc. on May 28, 2015. (ECF Nos. 9, 10.) However, prior to the entry of default against this defendant, defendants Armando Angulo and Martha Barbara Angulo filed an answer to plaintiff's complaint. (ECF No. 7.)

With respect to multi-defendant cases, Federal Rule of Civil Procedure 54(b) provides that "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." The Ninth Circuit Court of Appeals has characterized the Supreme Court's holding in Frow v. De La Vega, 82 U.S. 552 (1872), a leading case addressing the grant of default judgments in multi-defendant cases, as follows:

> The Court held in *Frow* that, where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants. It follows that if an action against the answering defendants is decided in their favor, then the action should be dismissed against both answering and defaulting defendants.

Nelson v. Chang (In re First T.D. & Inv., Inc.), 253 F.3d 520, 532 (9th Cir. 2001) (internal citations and footnote omitted) (citing Frow, 82 U.S. at 554).[1] In In re First T.D. & Inv., Inc., the Ninth Circuit Court of Appeals followed the Eleventh Circuit Court of Appeals and extended the rule from Frow beyond jointly liable parties to parties that are "similarly situated," even if not jointly liable or jointly and severally liable. See 253 F.3d at 532; accord Wordtech Sys., Inc. v. Integrated Network Solutions, Corp., No. 2:04-cv-01971-MCE-EFB, 2009 WL 3246612, at *2 (E.D. Cal. Oct. 6, 2009) (unpublished) (observing that the rule from Frow "has been extended in cases even if the defendants are not jointly liable, as long as they are similarly situated").

////

////

---

[1] In Frow, the Court stated that "a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal." 82 U.S. at 554.

2

In this case, both individual defendants are alleged to own or operate defendant Los Altos Jalisco, Inc. and the commercial establishment where the allegedly unlawful interception and broadcast occurred.[2]  Thus, at a minimum, all three defendants appear to be similarly situated for purposes of plaintiff's claims.  Consequently, there is a significant risk of incongruous or inconsistent judgments if the court were to grant a default judgment against defendant Los Altos Jalisco, Inc. at this juncture, but defendants Armando Angulo and Martha Barbara Angulo were potentially to prevail on the merits.

Furthermore, in light of the answering defendants' pro se status, the court informs defendants that Armando Angulo and Martha Barbara Angulo may not represent defendant Los Altos Jalisco, Inc. in this action as neither defendant is an attorney who may represent this corportate entity.  E.D. Cal. L.R. 183(a) ("A corporation or other entity may appear only by an attorney.").  Because plaintiff's complaint names Los Altos Jalisco, Inc. as a separate defendant, it must file its own response to the complaint (including if it seeks to set aside the Clerk's default) separate from the answer already filed by Armando Angulo and Martha Barbara Angulo.

Based on the reasons outlined above, IT IS HEREBY ORDERED that:

1. The July 2, 2015 hearing on plaintiff's motion for default judgment is VACATED.
2. Plaintiff's motion for default judgment (ECF No. 10) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated:  June 26, 2015

KJN/amd

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Furthermore, defendants Armando Angulo and Martha Barbara Angulo admit in their answer to the complaint that they are both owners of defendant Los Altos Jalisco, Inc.  (ECF No. 7 at 2.)